UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELISSA MARRERO, O/B/O K.M., a minor, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 4:22-CV-00462-NCC |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, denying Plaintiff Melissa Marrero's application on behalf of her minor son K.M. (Claimant) for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* ("the Act"). Plaintiff has filed a brief in support of the Complaint (Doc. 20) and Defendant has filed a brief in support of the Commissioner's decision (Doc. 21). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 7).

## I. PROCEDURAL HISTORY

On May 28, 2019, Claimant's mother protectively filed an application for SSI on behalf of Claimant, who was under the age of 18 as of the filing date (Tr. 158, 213-19). The Social Security Administration denied Plaintiff's application on November 13, 2019 (Tr. 159-63). Plaintiff then filed a Request for Hearing before an Administrative Law Judge ("ALJ") on January 7, 2020 (Tr. 164-67). After a hearing, by decision dated May 19, 2021, the ALJ found

Claimant not disabled (Tr. 16-31).  On February 23, 2022, the Appeals Council denied Claimant's request for review (Tr. 1-7).  As such, the ALJ's decision stands as the final decision of the Commissioner.

## II.  DECISION OF THE ALJ

The ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since the application date of May 28, 2019 (Tr. 17).  The ALJ then found that Claimant had the following severe impairments: posttraumatic stress disorder ("PTSD"), panic disorder, generalized anxiety disorder, obsessive compulsive disorder ("OCD"), separation anxiety disorder, speech and language impairment, and major depressive disorder in remission (*id.*).  The ALJ noted that Claimant's impairments cause more than a slight abnormality or a combination of slight abnormalities that result in more than minimal functional limitation in at least one functional domain (*id.*).  Claimant also had a diagnosis of asthma, but the ALJ found that this was not a severe impairment, and the condition did not impose more than minimal limitations on Claimant's functional abilities (*id.*).

After considering the medical evidence, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 17-18).  The ALJ further determined that Claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (Tr. 18-31).  Thus, the ALJ concluded that Claimant was not disabled, as defined by the Act, from May 28, 2019, through the date of the decision (Tr. 31).

### III.  LEGAL STANDARDS

**A.  Standard for Determining a Child's Disability**

A claimant under the age of eighteen is considered disabled and eligible for SSI benefits under the Act if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Jones o/b/o JNJ v. Kijakazi*, No. 4:20-CV-00780-SEP, 2021 WL 4504423, at *2 (E.D. Mo. Sept. 30, 2021) (citing 42 U.S.C. § 1382c(a)(3)(C)(I)).

The Act requires the Commissioner to undergo a three-step sequential process for determining whether a child is disabled.  20 C.F.R. § 416.924(a).  The Commissioner must determine first if the child is engaged in substantial gainful activity.  If not, the next step is to find whether the child has an impairment, or combination of impairments, that is severe.  If the child's impairment is severe, the final step in the analysis is for the Commissioner to determine whether the impairment meets, medically equals, or functionally equals the severity of an impairment listed in Appendix 1 of Subpart P of Part 404 of the Regulations.  *Jones*, 2021 WL 4504423, at *2 (citing *Garrett ex rel. Moore v. Barnhart*, F.3d 643, 647 (8th Cir. 2004)).  "If the impairment meets or medically equals a listed impairment, the child is disabled."  *Garrett,* 366 F.3d at 647.  If a child's impairment does not meet or medically equal a listed impairment, the Commissioner will assess all functional limitations caused by the child's impairment to determine if the impairment functionally equals a listed impairment.  20 C.F.R. § 416.926a.  The ALJ must find that the minor was not disabled if the analysis shows that the child does not have an impairment that is functionally equal in severity to a listed impairment. *Wigfall v. Berryhill*, 244 F. Supp. 3d 952, 956 (E.D. Mo. 2017).

3

To functionally equal a listed impairment, the child's condition must result in an "extreme" limitation in one domain of functioning or "marked" limitations in two domains. 20 C.F.R. § 416.926a(a).  The domains are "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1).  The six domains used by the Commissioner in making this determination are: 1) Acquiring and Using Information; 2) Attending and Completing Tasks; 3) Interacting and Relating with Others; 4) Moving About and Manipulating Objects; 5) Caring for Oneself; and 6) Health and Physical Well-Being. *Id.*

> A child-claimant has a "marked" limitation in a domain when her impairment(s) interferes seriously with [her] ability to independently initiate, sustain, or complete activities. [Her] day-to-day functioning may be seriously limited when [her] impairment(s) limits only one activity or when the interactive and cumulative effects of [her] impairment(s) limit several activities. "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme."

20 C.F.R. § 416.926a(e)(2)(i).

A child has an "extreme" limitation when the impairment "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3).  In determining whether a child-claimant's functioning may be marked or extreme, the Commissioner is to review all the evidence of record and "compare [the child's] functioning to the typical functioning of children [the child's] age who do not have impairments." 20 C.F.R. § 416.926a(f)(1); *see also* 20 C.F.R. § 416.926a(b) (in determining child-claimant's functioning, Commissioner looks "at how appropriately, effectively and independently [the child] perform[s] [his] activities compared to the performance of other children [the child's] age who do not have impairments."); 20 C.F.R. § 416.924a(b)(5).

4

**B.  Standard for Judicial Review**

The Commissioner's findings are conclusive upon this Court so long as they are supported by substantial evidence in the administrative record, and they comport with the relevant legal requirements.  It is not the job of the district court to re-weigh the evidence or review the factual record de novo.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion.  *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)).  Weighing the evidence is a function of the ALJ, who is the fact-finder.  *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004).  Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently.  *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

## IV.  DISCUSSION

In her appeal of the Commissioner's decision, Plaintiff raises two issues.  First, Plaintiff argues that the ALJ's decision fails to properly evaluate medical opinion evidence (Doc. 20 at 3-11).  Second, Plaintiff argues that the decision fails to conduct a proper credibility evaluation (*id.* at 11-12).  Because the Court agrees that the ALJ's decision fails to properly evaluate medical opinion evidence, the Court will address that issue alone.

Plaintiff argues that the ALJ failed to properly evaluate the two state agency opinions, which the ALJ found persuasive (*id.* at 9).  The Court agrees.  For claims like Claimant's, filed after March 27, 2017, an ALJ evaluates medical opinions pursuant to 20 C.F.R. § 404.1520c.  These new rules provide that the Social Security Administration "will not defer or give any

specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a).  Rather, an ALJ is to evaluate the persuasiveness of any opinion or prior administrative medical finding by considering the: (1) supportability of the opinion with relevant objective medical evidence and supporting explanations; (2) consistency with the evidence from other medical sources and nonmedical sources in the claim; (3) relationship with the plaintiff, including length, purpose, and extent of treatment relationship, whether it is an examining source, and frequency of examination; (4) specialization; and (5) other relevant factors.  20 C.F.R. § 404.1520c(c).

In evaluating the persuasiveness of a medical opinion, the factors of supportability and consistency are the most important for an ALJ to consider, and the ALJ must "explain how [she] considered the supportability and consistency factors … in [the] determination or decision."  20 C.F.R. § 404.1520c(b)(2).  An ALJ's failure to address either the consistency or supportability factor in assessing the persuasiveness of a medical opinion requires reversal.  *Bonnett v. Kijakazi*, 859 Fed. Appx. 19, 20 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in Regulation, as failure to comply with opinion-evaluation Regulation was legal error)).  ALJs need not explain in their decision how they considered the other factors.  20 C.F.R. § 404.1520c(b)(2).

Here, the only discussion in the ALJ's decision of the two factors of supportability and consistency with regard to the opinions of the state agency speech/language consultant and the state agency psychological consultant is "the findings about the claimant's physical and psychological impairments are consistent with the record as a whole and support the residual

6

functional capacity set forth above" (Tr. 29).  An "ALJ's sprinkling of the words 'support' and 'consistent' in her cursory treatment of [medical] opinions is insufficient to satisfy the Regulation's requirement that the ALJ 'explain' how she considered these factors in determining the persuasiveness of a medical opinion." *Martini v. Kijakazi*, No. 4:20 CV 1711 CDP, 2022 WL 705528, at *4 (E.D. Mo. Mar. 9, 2022).  "[W]hile an ALJ's explanation need not be exhaustive, boilerplate or 'blanket statement[s]' will not do." *Lucus*, 960 F.3d at 1069 (quoting *Walker v. Comm'r, Soc. Sec. Admin.*, 911 F.3d 550, 554 (8th Cir. 2018)).  Moreover, "[n]o matter the adequacy of the ALJ's general summary of the evidence of record, she nevertheless [must] abide by the Regulation's mandate to 'explain' the supportability [and consistency] of [a medical] opinion in view of such evidence." *Martini*, 2022 WL 705528 at *5; *see also Pipkins v. Kijakazi*, No. 1:20 CV 161 CDP, 2022 WL 218898 (E.D. Mo. Jan. 25, 2022) (finding that the ALJ's failure to "explain" and "articulate" the supportability and consistency of medical opinion evidence was reversible error even when the ALJ elsewhere adequately summarized the evidence of record, and it supported the residual functional capacity determination).  The Regulation requires "more than a conclusory statement as to the supportability and consistency factors so a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of various medical opinions." *Hirner v. Saul*, No. 2:21-CV-38 SRW, 2022 WL 3153720, at *9 (E.D. Mo. Aug. 8, 2022).

In this case, while the ALJ included the word "support," it is used to describe how the state agency consultants' opinions support the residual function capacity[1] *not* whether and to what extent the opinions themselves are supported.  Thus, the decision entirely fails to address

---

[1] As Plaintiff points out, the term "residual functional capacity" was used in error as this is a child case where there is no residual functional capacity.

7

the supportability of the opinions, which alone requires remand. *Bonnett*, 859 Fed. Appx. at 20 (citing *Lucus*, 960 F.3d at 1069-70). In addition, the general statement that the opinions are "consistent with the record as a whole" is insufficient to satisfy the Regulation's directive of explanation regarding consistency. *See Martini*, 2022 WL 705528 at *5 ("finding ALJ's statement that opinion was "consistent with the record as a whole" insufficient); *Post v. Kijakazi*, 2021 WL 4355349, at *7 (E.D. Mo. Sept. 24, 2021) (finding ALJ's statement that opinion was "consistent with the claimant medical record, as more fully discussed above" insufficient). The Court finds that the ALJ erred in analyzing the persuasiveness of the two state agency consultants' opinions. *See Martini*, 2022 WL 705528 at *4-5 (finding ALJ erred, requiring reversal, where the only discussion in the ALJ's decision of the supportability and consistency of the state agency consultants' medical opinions was "the findings about the claimant's physical and psychological impairments are consistent with the record as a whole and support the residual functional capacity set forth above").

Plaintiff further argues that the ALJ failed to properly evaluate the opinion of consultative examiner Dr. Tishey, which the ALJ found somewhat persuasive (Doc. 20 at 9). The Court agrees. The only discussion in the ALJ's decision of the two factors of supportability and consistency with regard to Dr. Tishey's opinion is "her findings about the claimant's impairments are generally consistent with the record as a whole and support the findings set forth above" (Tr. 29). The ALJ discusses Dr. Tishey's opinion elsewhere in the decision, see Tr. 24, but does not provide any additional analysis regarding supportability and consistency. The Court finds that the ALJ failed to properly evaluate the opinions of the two state agency consultants and Dr. Tishey. On remand, the ALJ must fully evaluate and explain the supportability and consistency of the medical opinion evidence, in accordance with 20 C.F.R. § 404.1520c.

Because remand is required for revaluation of the opinion evidence, the Court will not address Plaintiff's remaining arguments. *See, e.g., Hirner*, 2022 WL 3153720, at *10.

## V.  CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence because the ALJ did not properly evaluate the opinion evidence within the record.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 31st day of October, 2023.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE